DAVID E. McGATH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 2, 1975.*

DAVID E. McGATH, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on February 22, 1974, at 1924 North Rockwell, Chicago, Illinois, 60647. David E. McGath, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, David E. McGath, age 20, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on February 22, 1974, the victim was shot in the stairway of the apartment building at 1924 North Rockwell, Chicago, after refusing his assailant entrance to the building.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the victim for the attack upon him.

4. That the victim received first aid treatment and was then hospitalized from February 22, 1974, to April 1, 1974, for injuries sustained in the shooting. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is contained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the Chicago Police Department has arrested Charles Cox, 917 West Lawrence, Chicago, Illinois. Cox was indicted in Cook County on a charge of Aggravated Battery (indictment No. 74-4214). He is presently awaiting trial.

6. That there is no evidence that the victim and his assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance in the investigation and prosecution of this case.

8. That the claimant incurred medical and hospital expenses as a result of his injuries which were partially covered by Aid to the Medically Indigent, and the gross amount of pecuniary loss as computed before setoffs and deductions is as follows:

1) Hospital ................................... $ 9,814.36
2) Medical .................................... $ 1,421.50

$11,235.86

9. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss were shown to be in the total sum of $9,292.57, as contemplated by §7(d) of the Act. This amount plus the statutory deduction of $200 having been deducted from the gross amount of loss as calculated in ¶8, leaves an amount of compensable loss sustained by the claimant as $1,743.29.

IT IS HEREBY ORDERED that the sum of $1,743.29 (ONE THOUSAND SEVEN HUNDRED AND FORTY THREE DOLLARS AND TWENTY NINE CENTS) be awarded to the claimant, David E. McGath, as the innocent victim of a violent crime.